Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8003 | **DATE** | 10/24/2001 |
| **CASE TITLE** | Joseph Fleming #A-02430 vs. Betty Chang, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Fleming's application to proceed without prepayment of the filing fee is granted. (3-1) Fleming is assessed an initial partial filing fee of $10.87 and the Sheridan trust fund officer is ordered to collect that partial filing fee and pay it directly to the Clerk of Court. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the Complaint and this action are dismissed sua sponte, although such dismissal does not excuse Fleming's earlier-defined obligation to pay the entire $150 filing fee in installments.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | **OCT 2 5 2001** | | 4 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 10/24/2001 | | |
| SN | courtroom deputy's initials | FOR DOCKETING OCT 24 PM 3: 35 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

OCT 2 5 2001

JOSEPH FLEMING #A-02430,           )
                                   )
              Plaintiff,           )
                                   )
    v.                             )       No.   01 C 8003
                                   )
BETTY CHANG, et al.,               )
                                   )
              Defendants.          )

MEMORANDUM OPINION AND ORDER

Joseph Fleming ("Fleming") has tendered a self-prepared

Complaint, seeking to invoke federal jurisdiction under 42 U.S.C.

§1983 against two public defenders who represented him on a

burglary charge.  Because Fleming was convicted and is now

serving time at Sheridan Correctional Center ("Sheridan"), this

opinion must first address questions regarding his entitlement to

proceed without prepayment of the filing fee pursuant to 28

U.S.C. §1915 ("Section 1915").  When that has been done, this

opinion will turn to the substance of Fleming's claim.

To support his effort to justify in forma pauperis status,

Fleming has accompanied his Complaint with a partially-filled-out

form of Application To Proceed Without Prepayment of Fees

("Application") and a printout of transactions in his trust fund

account at Sheridan.  Although the Application is incomplete

(Fleming not having answered several of the questions there),

this Court will presume that he qualifies for such relief from

(1) the minimal initial balance in the trust fund account and

(2) the fact that the only deposits to the account stemmed from prison payroll payments and from some money orders sent in by Fleming's family members. As for the printout, it does not cover a full six-month period (see Section 1915(a)(2)), so that this Court has made the calculation called for under Section 1915(b)(1) in terms of the average monthly deposits for the lesser period covered by the report. That monthly average comes to $54.37, so that the initial partial filing fee of 20% required by Section 1915(b)(1) comes to $10.87. Accordingly, Fleming is assessed an initial partial filing fee of $10.87, and the Sheridan trust fund officer is ordered to collect that partial filing fee from Fleming's trust fund account there and to pay it directly to the Clerk of Court ("Clerk").

After such payment, the trust fund officer at Sheridan or any other correctional facility where Fleming is confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Fleming's name and the

01 C 8003 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Sheridan trust fund officer.

As for Fleming's substantive claim, it has been clear for fully two decades that a public defender, even though paid with public funds, is <u>not</u> a state actor suable under Section 1983 for asserted misconduct in the course of his or her lawyering efforts (<u>Polk County v. Dodson</u>, 454 U.S. 312 (1981)). That being so, Fleming's effort to hold his two lawyers liable under Section 1983 is "frivolous" in the legal sense defined by <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) and further refined in <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992). Hence both Fleming's Complaint and this action are dismissed sua sponte, although such dismissal does not excuse Fleming's earlier-defined obligation to pay the entire $150 filing fee in appropriate installments.

Milton I. Shadur
Senior United States District Judge

Date: October 24, 2001

3